IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUDREY COLEMAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No. 3:13-CV-1648-M |
| | ) | |
| **TODD SELLARS,** *Dallas County* | ) | |
| *U.S. Assistant District Attorney* | ) | |
| | ) | |
| **Defendant.** | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Standing Order Re-referring the Case*, filed on May 23, 2013 (doc. 11), this case has been automatically referred for pretrial management. Before the Court is *Defendant Todd Sellars's Motion to Dismiss Under FED. R. CIV. P. 12(b)(2)(5) [sic] and (6)*, filed on May 16, 2013 (doc. 8). Based on the relevant filings and applicable law, the Rule 12(b)(6) motion should be **GRANTED in part,** the plaintiff's federal claims should be **DISMISSED with prejudice** for failure to state a claim, and the Court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

### I. BACKGROUND

Audrey Coleman (Plaintiff) sues Assistant District Attorney Todd Sellars (Defendant) under 42 U.S.C. §§ 1983 and 1985 for alleged civil rights violations, and under state law for negligence and trespass. (Doc. 3 at 1, 19-21.)[1] She alleges that Defendant violated her constitutional rights under the Fourth, Fifth, Seventh and Fourteenth Amendments by advising Dallas County Deputy Constables by telephone that they could proceed to evict her from her home despite an automatic

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

stay resulting from her prior Chapter 7 bankruptcy proceeding and from her removal of the forcible detainer action. (Doc. 3 at 12-13.)

Plaintiff previously sued the deputies and two supervisors (the Constables) under § 1983 and state law based on the same eviction. *See Coleman v. Roy Williams Jr. et al.*, No. 3:12-CV-4874-G (N.D. Tex. Nov. 30, 2012) (*Coleman I*). In particular, she alleged that they violated her constitutional rights under the Fourth, Fifth, Seventh and Fourteenth Amendments by evicting her despite the bankruptcy proceeding and her removal of the forcible detainer action. *Id.,* Complaint (doc. 3). In that case, the Court summarized the relevant factual background as follows:

> According to the exhibits to her original and amended complaints, a Dallas County court issued a judgment of possession in favor of the Bank of New York Mellon and against plaintiff on February 10, 2012, for the property located at 623 Sotogrande Street, Grand Prairie, Texas, 75051 (the Property). (Compl., Ex. E.) Plaintiff had filed a bankruptcy case the previous day, on February 9, 2012. (doc. 7, Ex. M.) Her bankruptcy case was terminated on August 23, 2012, and the state court issued a Writ of Possession on September 27, 2012, authorizing the Sheriff or any constable of Dallas County to take possession of the Property and to evict Plaintiff from the premises after providing her with at least 24 hours notice. (Compl., Ex. J.) A copy of the Writ of Possession was taped to her front door on October 2, 2012. (Compl. at 18, Ex. J.) Plaintiff filed a notice of removal of the state court [eviction] proceeding to federal court on October 2, 2012, and she sent the officers notice of it. A final notice was taped to Plaintiff's front door again on the afternoon of November 9, 2012. (Compl. at 18, Ex. P.) On November 12, 2012, the officers evicted Plaintiff, claiming they were not bound by the notice of removal because it was not a court order. (Compl. at 5, 12.)

*Id.,* Findings, Conclusions, and Recommendation (FCR) (doc. 8 at 1-2).[2] The Court also noted that one of the Constables had called an assistant district attorney before proceeding with the eviction. (*Id.* at 4.)

On January 13, 2013, the Court found that Plaintiff had failed to state a viable claim that her

---

[2] On November 29, 2012, the forcible detainer action that Plaintiff had removed was dismissed for lack of federal subject matter jurisdiction. *See* Memorandum Opinion and Order at 3, *Bank of New York Mellon v. Coleman*, No. 3:12-CV-3971-D (N.D. Tex. Nov. 29, 2012) (doc. 20).

constitutional rights had been violated, declined to exercise supplemental jurisdiction over her state law claims, and dismissed the suit. *Id.,* FCR at 3-6; Order Accepting; Judgment (docs. 8, 10-11). The Fifth Circuit Court of Appeals affirmed the dismissal on September 10, 2013. *See Coleman v. Williams*, 538 Fed. App'x 513 (5th Cir. 2013).

Defendant now moves to dismiss Plaintiff's claims against him in this case. (Doc. 8.) On June 16, 2013, Plaintiff filed her response. (Doc. 13.) The motion is ripe for decision.

## II. RULE 12(b)(5)

Defendant moves to dismiss Plaintiff's claims pursuant to FED. R. CIV. P. 12(b)(5). (*See* doc. 8 at 4-8.)

Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff" or to the lack of service. *See* Fed. R. Civ. P. 12(b)(5). Until the defendant has been served with process in accordance with Fed. R. Civ. P. 4, a federal court may not exercise personal jurisdiction over him. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987).[3]

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1); *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Subsection (2) of Rule 4 provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2) (emphasis added). Various provisions under rule 4 describe the method of service for particular defendants. When the defendant is an individual, Fed.

---

[3] Defendant's motion cites "FED. R. CIV. P. 12(b)(2)(5)." (Doc. 8 at 1, 3.) Because he does not specifically assert that the Court lacks personal jurisdiction over him or brief the issue, it is not considered outside the context of the service issue. *See Muniz v. El Paso Marriott*, 773 F.Supp.2d 674, 684 (W.D. Tex. 2011) (citing cases) (finding that failure to brief an argument constitutes waiver); *Hernandez v. Duncanville Sch. Dist.*, No. 3:04-CV-2008-BH-B, 2005 WL 3293995, at *20 n.30 (N.D. Tex. Dec. 5, 2005) (declining to address issue not briefed).

3

R. Civ. P. 4(e)(1) allows for service according to the law of the state in which the district court is located. *Id.*

Texas Rule of Civil Procedure 103 provides that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age and *who is not a party* or interested in the outcome of the suit may serve any process. Tex. R. Civ. P. 103 (emphasis added). Additionally, under Texas Rule of Civil Procedure 106(a)(2), *a person authorized by rule 103* may serve a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2) (emphasis added). The return receipt must be signed by the addressee for service to be effective. Tex. R. Civ. P. 107(c); *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (per curiam); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied). The plaintiff has the burden to ensure that the defendants are properly served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Here, Plaintiff attempted to serve Defendant by personally mailing copies of the summons and complaint to him at his office via United States mail. Neither the Federal Rules of Civil Procedure nor the state rules allow a party to serve process. *See* Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103. Accordingly, Plaintiff's attempts to serve Defendant were ineffective. *See Jackson v. Atrium Companies, Inc.*, No. 3:04-CV-0679-G, 2004 WL 1773699, at *2 (N.D. Tex. 2004).

Dismissal based on insufficient service of process is usually without prejudice to allow plaintiff an opportunity to effect proper service. *See Grant-Brooks v. Nationscredit Home Equity Services Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002). Because Defendant has also moved to dismiss under Rule 12(b)(6), dismissal for purposes of allowing

Plaintiff to serve Defendant properly is unnecessary. *See Grant-Brooks*, 2002 WL 424566 at *4 ("dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant" (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (noting that dismissal is not appropriate where there has been only one attempt at service of process)).

### III. RULE 12(b)(6)

Defendant moves to dismiss Plaintiff's claims pursuant to FED. R. CIV. P. 12(b)(6). (*See* doc. 8 at 4-8.)

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that

5

"the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

**A.   Section 1983**

Citing *Coleman I,* Defendant argues that Plaintiff has failed to state a § 1983 claim upon which relief can be granted. (Doc. 8 at 4-8.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

6

**1.** *Fourth Amendment*

The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV; *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992). A "seizure" of property within the meaning of the Fourth Amendment occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Soldal*, 506 U.S. at 61 (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). The Fourth Amendment only prohibits unreasonable seizures, however. *See Severance v. Patterson*, 566 F.3d 490, 502 (5th Cir. 2009). A determination of whether a seizure is unreasonable, and therefore in violation of the Fourth Amendment, involves a careful balancing of governmental and private interests. *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985); *see also Freeman v. City of Dallas*, 242 F.3d 642, 649 (5th Cir. 2001). In general, one may not challenge deprivations of property as unreasonable when the deprivation occurs according to a specific regulated process. *Severance*, 566 F.3d at 502. The Supreme Court has recognized that when state officers act pursuant to a court order, it would be a "laborious process" for a plaintiff to show that a seizure is unreasonable. *Soldal*, 506 U.S. at 71.

In *Coleman I,* the Court considered and rejected the same Fourth Amendment argument against the Constables that Plaintiff now makes against Defendant, finding that she failed to state a claim because their reliance on the writ of possession despite the removal did not render the eviction arbitrary and unreasonable. *Coleman I*, (doc. 8 at 3-5.) The Fifth Circuit considered Plaintiff's appeal of the dismissal of the claim and found no reversible error. *Coleman*, 538 Fed. App'x at 515. In response to her argument that the Constables had no jurisdiction to evict her

7

because she had filed her notice of removal, the Fifth Circuit found that their reliance on a writ issued by the Dallas County Court while it had jurisdiction did not make the eviction arbitrary or unreasonable under the Fourth Amendment. *Id.* Plaintiff's Fourth Amendment claims against Defendant fail for the same reasons as her identical claims against the Constables and should likewise be dismissed for failure to state a claim.

### 2. *Fourteenth Amendment*

The Fourteenth Amendment prohibits the States from depriving any person of property without "due process of law." *Dusenberry v. United States*, 534 U.S. 161, 167 (2002). The Due Process Clause requires, at a minimum, notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 657 (1950). The Supreme Court has recognized that a notice posted on residential property is, in most instances, constitutionally adequate notice to the owner or occupant of pending legal proceedings. *Greene v. Lindsay*, 456 U.S. 444, 452-53 (1982).

In *Coleman I*, the Court also considered Plaintiff's identical claim against the Constables and found that it was in actuality an impermissible challenge to the state court judgment that awarded possession of the property to the bank. *Coleman I*, (doc. 8 at 5-6). It also dismissed this claim for failure to state a viable claim that her right to due process rights had been violated. *Id.* On appeal, the Fifth Circuit expressly agreed and affirmed the dismissal. *Coleman*, 538 Fed. App'x at 515. Plaintiff's due process claims against Defendant also fail for the same reasons.[4]

---

[4] As in *Coleman I*, Plaintiff also alleges claims under the Fifth and Seventh Amendments. (Doc. 3 at 4-5.) As noted in that case, the Fifth Amendment only applies to the actions of the federal government. *Richard v. Hinson*, 70 F.3d 415, 416 (5th Cir. 1995). To the extent that Plaintiff relies on the due process clause of the Fifth Amendment, this claim falls under the Fourteenth Amendment due process claim. Plaintiff alleges violation of her Seventh Amendment right to a

8

### 3. *Negligence*

Plaintiff alleges that Defendant was "recklessly negligent" in failing to properly investigate the relevant law and facts to ensure that the Constables had proper authority to proceed with the execution of the writ of possession. (Doc. 3 at 12-13.) To the extent that she bases her § 1983 claim on her allegations of reckless negligence, she still fails to state a plausible claim upon which relief may be granted. Negligence does not constitute a constitutional violation.[5] *See County of Sacramento v. Lewis*, 523 U.S. 855, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *see also Young v. City of Killeen*, 775 F.2d 1349, 1353 (5th Cir. 1985) (ruling that the protection of the due process clause is not triggered by negligence); *Watson v. Bryant*, 532 F. App'x 453, 457 (5th Cir. Feb. 4, 2013) ("Fourth Amendment violations occur only through intentional conduct."). Even assuming that Defendant's conduct was negligent, Plaintiff cannot show a violation of her constitutional rights on this basis.

In conclusion, Plaintiff fails to state a claim against Defendant under § 1983, and this claim

---

civil jury trial, but she actually argues a due process violation, which also falls under the Fourteenth Amendment due process claim. (Doc. 3 at 5, 15 ("... [Plaintiff] had not had due process of law, in particular, trial by jury"; "... in clear violation of her due process rights, in particular, trial by jury").) Further, the Seventh Amendment states the right to a civil jury trial and her eviction did not prevent or impede this right. U.S. Const. Amend. VII.

[5] "[R]eckless conduct may be defined as a highly unreasonable omission, involving not merely simple, or even unexcusable negligence, but an extreme departure from the standards of ordinary care[.]" *S.E.C. v. Southwest Coal & Energy Co.*, 624 F.2d 1312, 1321 (5th Cir. 1980). Plaintiff's only relevant factual allegation is that Defendant spoke to one of the Constables over the phone and gave him an order to proceed with the execution of a facially valid writ of possession. (Doc. 3 at 4-5, 12-13.) Her allegations do not rise to the level of recklessness, but only negligence as a matter of law. *See Berry v. Hardwick*, 152 F. App'x 371, 373, 375 (5th Cir. Oct. 18, 2005) (unpublished) (affirming the district court's finding that because the defendants "were acting within the scope of their authority as agents" the plaintiffs' alleged facts show only ordinary negligence); *Birdwell v. Livingston*, 327 F. App'x 457, 459-60 (5th Cir. 2009) (finding only negligence by the officers who executed a facially valid escape warrant where the plaintiff's convictions and sentence had been vacated).

9

should be dismissed.[6]

**B.      Section 1985**

Plaintiff also sues Defendant under § 1985 alleging the same constitutional violations. (Doc. 3 at 1, 15.)

To state a claim under § 1985, "there must be some racial, or perhaps, otherwise class-based animus behind the conspirator's action." *Griffin v. Breckenridge*, 403 US. 88, 102 (1971).[7] Plaintiff has not alleged any facts showing that there was any racial or class-based animus behind the verbal order or the eviction. In fact, Plaintiff emphatically denies any racial motivations behind the acts complained of and clarifies that her complaint is "solely based on the fraudulent abuse and misuse of power and authority." (Doc. 13 at 1.) Plaintiff has failed to allege a viable claim under § 1985 and this claim should be dismissed.

## IV.  STATE LAW CLAIMS

Plaintiff asserts that Defendant was negligent when he gave a verbal order to the Constables to proceed with the eviction, which resulted in the Constables trespassing her property. (Doc. 3 at 13, 16, 18, 20.) Negligence and trespass are state law claims. *See Russell v. Altom*, 2013 WL 5509189, *2 (5th Cir. Oct. 4, 2013) (unpublished); *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999).

Federal courts may exercise supplemental jurisdiction over state claims in any civil action in which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, whether to exercise

---

[6] Because Plaintiff fails to state a claim under § 1983, the Court does not reach Defendant's remaining arguments for dismissal.

[7] *Griffin* decided on the requirements for § 1985(3). *Griffin*, 403 U.S. at 101. As § 1985(1)-(2) relate to preventing an officer from performing duties, or intimidating a party, witness, or juror in a court proceeding, they are not relevant here. *See* 42 U.S.C. § 1985.

10

such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Because Plaintiff's federal claims are subject to dismissal, her state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Sibley*, 184 F.3d at 490 (affirming the district court's decision not to hold a jury trial on the state negligence claim after it granted summary judgment on the § 1983 claims).

## V.  RECOMMENDATION

Defendant's Rule 12(b)(6) motion should be **GRANTED**, and Plaintiff's federal claims should be **DISMISSED with prejudice** for failure to state a claim. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and should **DISMISS** them without prejudice to her pursuing them in state court.

**SIGNED this 24th day of February, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE